# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | Edward A. Bobrick |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2419 | **DATE** | 7/17/2001 |
| **CASE TITLE** | Andrea Sciaccotta vs. Elmhurst Memorial Hospital | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Report and Recommendation recommending that defendant's motion for sanctions be granted, and that the complaint be dismissed with prejudice for failure to cooperate in discovery by reason of plaintiff's failure to comply with the orders of this court is hereby entered of record and submitted to Judge Bucklo. It is further recommended that all costs be awarded to defendant from plaintiff. All matters relating to the referral of this action having been resolved, the case is returned to the assigned judge.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 3 number of notices | **Document Number** |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | JUL 18 2001 date docketed | 30 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | FILED FOR DOCKETING | |
| ✓ | Copy to judge/magistrate judge. | 01 JUL 17 AM 8:51 | 7/17/2001 date mailed notice |
| TH ✓ | courtroom deputy's initials | Date/time received in central Clerk's Office | TH mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREA K. SCIACCOTTA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ELMHURST MEMORIAL HOSPITAL, )<br>)<br>Defendant. ) | No. 00 C 2419<br>Judge Elaine E. Bucklo<br>Edward A. Bobrick,<br>Magistrate Judge |

DOCKETED
JUL 1 8 2001

HONORABLE, ELAINE BUCKLO JUDGE
UNITED STATES DISTRICT COURT

HONORABLE JUDGE:

REPORT AND RECOMMENDATION
Of Magistrate Judge Edward A. Bobrick

Before the court is DEFENDANT'S MOTION FOR SANCTIONS. This motion arises from plaintiff's failure to respond to defendant's written discovery.

II. BACKGROUND

On August 2, 2000, defendant served plaintiff with its First Set of Interrogatories and First Request to Produce Documents. Responses were due by September 1, 2000. At a status hearing on September 15, 2000, plaintiff, who had not responded to defendant's

discovery, was instructed by the court that she was obligated to respond to defendant's discovery requests. On October 27, 2000, discovery was stayed until January 1, 2001, and again stayed until February 1, 2001. After February 1, 2001 passed, without plaintiff answering defendant's written discovery, defendant, on numerous occasions, contacted plaintiff to remind plaintiff of her obligation to answer the discovery. On March 30, 2001, plaintiff represented to the court that she had made full responses to defendant's discovery. This representation would prove to be untrue.

Defendant, on numerous occasions since March 30, 2001, pursuant to Local Rule 37.2 contacted plaintiff for the purpose of having her file complete responses to written discovery, as well as responding to requests for admissions.[1] Defendant's efforts were to no avail. On April 10, 2001, defendant filed its Motion to Compel, seeking to have plaintiff file complete responses to its discovery. On April 27, 2001, the court granted the defendant's motion and ordered the plaintiff to answer defendant's written discovery, and instructed plaintiff to comply within 14 days. On that day, plaintiff, at the conclusion of the hearing, announced that she was serving her response to discovery "in open court" on defendant's counsel. This representation, also proved to be untrue. Plaintiff instead filed incomplete answers to defendant's interrogatories which were inadequate under the Federal Rules of Civil Procedure. She filed no responses to the production requests.

---

[1] Plaintiff also failed to adequately respond to Requests to Admit, but in view of plaintiff's egregious discovery omissions we push this issue aside.

2

On July 5, 2001, at a scheduled status hearing, defendant presented its MOTION FOR SANCTIONS seeking sanctions for plaintiff's failure to answer discovery. Notwithstanding defendant's service of its motion upon plaintiff's and notice of the hearing date, plaintiff failed to appear before this court to respond to the motion. Defendant's motion, together with its supporting documents, established that plaintiff had failed to file complete answers to defendant's interrogatories and production requests under Fed.R.Civ.P. 33 and 34. On July 5, 2001, we ordered that "Plaintiff is to file complete answers to defendant's interrogatories and production requests by 7/12/01. Failure to answer will result in a recommendation from this court that the complaint be dismissed with prejudice." The plaintiff was further directed to be present for a status on July 12, 2001.

On July 12, 2001 the matter was again before this court. Defendant, in open court and by way of affidavit, represented that plaintiff, to date, had still not completely responded to defendant's written discovery, notwithstanding our order directing plaintiff to do so. Plaintiff failed to appear at the status hearing as she was ordered to do. To date, plaintiff has neither responded to defendant's written discovery, as required under Fed.R.Civ.P. 33, 34, and 37, nor has she filed any response to defendant's Motion for Sanctions served upon her on June 7, 2001.

## II. DISCUSSION

A court possesses inherent authority to dismiss a case *sua sponte* for a plaintiff's failure to prosecute. *Dickerson v. Board of Educ. Of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994). The Federal Rules of Civil Procedure provide courts with specific authority to dismiss an action or any claim for failure to prosecute or failure to comply with an order of court. Fed.R.Civ.P. 41(b). The court may infer a lack of prosecutorial intent from various factors, including the failure to appear at a scheduled hearing. *GCIU Employer Retirement Fund v. Chicago Tribune*, 8 F.3d 1195, 1199 (7th Cir. 1993). Plaintiff failed to appear at two court status hearings, one of which this court ordered her to do. But this case involves more than that.

Plaintiff, time after time, has failed to comply with discovery obligations and deadlines, two of which were court-ordered. She has missed two essential hearing regarding her failures. She has been warned of the consequences of her continued non-compliance, but to no avail. See, *Williams v. Chicago Bd. Of Educ.*, 155 F.3rd 853, 857-858 (7th Cir. 1998). No more is required to allow for dismissal of the plaintiff's case.

## III. CONCLUSION

For the foregoing reasons, it is hereby recommended that defendant's MOTION FOR SANCTIONS be GRANTED, and that the complaint be DISMISSED with prejudice for failure to cooperate in discovery and by reason of plaintiff's failure to comply with the

4

orders of this court. It is further recommended that all costs be awarded to defendant from plaintiff.

Respectfully submitted,

*Edward A. Bobrick*
EDWARD A. BOBRICK,
U.S. Magistrate Judge

DATE: July 17, 2001

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140 (1985); The Provident Bank v. Manor Steel Corp., 882 F.2d 258 (7th Cir. 1989).

Copies to:  Andrea K. Sciaccotta
96 East Armitage
Glendale Heights, IL 60181

Aaron R. Gelb
Vedder, Price, Kaufmann & Kammholz
222 N. LaSalle, Ste. 2600
Chicago, IL 60601

On July 17, 2001, a copy of this Report and Recommendation was mailed to each of the above mentioned attorneys.

*Theresa Hammonds*
Theresa Hammonds
Courtroom Deputy